**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0375-18T4

STATE OF NEW JERSEY,

       Plaintiff-Respondent,

v.

KWESI DIXON,

       Defendant-Appellant.

_____

       Submitted November 7, 2019 – Decided  November 15, 2019

       Before Judges Haas and Enright.

       On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 02-12-1567.

       Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

       Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Christopher W. Hsieh, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kwesi Dixon appeals from the May 7, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On December 19, 2002, a Passaic County grand jury returned a five-count indictment charging defendant with fourth-degree possession of marijuana, N.J.S.A. 2C:35-10(a)(3) (count one); third-degree possession of marijuana with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(11) (count two); third-degree possession of marijuana within 1000 feet of school property, N.J.S.A. 2C:35-7 and N.J.S.A. 2C:35-5(a) (count three); fourth-degree distribution of marijuana, N.J.S.A. 2C:35-5(a)(1) and (b)(12), and N.J.S.A. 2C:2-6 (count four); and fourth-degree possession of marijuana within 1000 feet of school property, N.J.S.A. 2C:35-7, N.J.S.A. 2C:35-5(a), and N.J.S.A. 2C:2-6 (count five). Defendant later failed to appear, and the court issued a bench warrant. Defendant was not apprehended until 2008.

On June 26, 2008, defendant pled guilty to count three of the indictment. On October 3, 2008, the trial judge sentenced defendant in accordance with the negotiated plea to four years in prison with a two-year period of parole ineligibility. Defendant did not file a direct appeal.

In April 2010, defendant filed a petition for PCR, but withdrew it approximately six months later. Defendant asserts that he was deported to Jamaica in January 2011, allegedly as the result of his 2008 conviction.[1]

On October 27, 2016, more than eight years after his conviction, defendant filed the petition that is the subject of his current appeal. In his petition, defendant stated that he was born in Jamaica and was a citizen of that country. Defendant claimed that an attorney, who had been appointed to assist him following his arrest in 2008 on the bench warrant, told him that because he "was a permanent resident [he] had nothing to worry about" in terms of deportation, and that "most likely [he] would be sent home on parole."

However, this attorney was later replaced, and defendant was represented by a new attorney during the plea negotiations. This attorney persuaded the State to reduce its initial plea offer from a seven-year term with forty-two months of parole ineligibility to an offer of four years in prison with only a two-year period of parole ineligibility. Defendant did not assert that his new attorney

---

[1] Defendant did not provide any documentation concerning the deportation to the Law Division. In addition to his 2008 conviction, defendant had two prior drug distribution convictions from 2001. He was on probation in connection with those offenses at the time he committed the acts for which he was convicted in 2008.

provided him with any incorrect information concerning the deportation consequences of accepting this plea.

Indeed, the plea form defendant signed in 2008 contained the following language: "Do you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty?" In response, defendant circled the word "yes."

During the plea colloquy, the judge asked defendant about his citizenship status, and defendant replied that he was a citizen of Jamaica. The judge then asked defendant, "Do you realize by pleading guilty to this charge it may cause you to be deported to Jamaica?" Defendant replied, "Yes, sir." The judge also asked defendant, "Knowing that do you want to proceed to plead guilty?" and "[I]f you want to become a citizen of the United States in the future this may affect your ability to become a citizen, do you understand that?" Defendant answered, "Yes, sir" to both inquiries.

Defendant contended that the five-year time bar found in Rule 3:22-12(a)(1) should be ignored in his case because to do otherwise would result in a manifest injustice. He also argued that his lack of knowledge about the prospect of deportation, which allegedly lasted until he was deported in 2011, established excusable neglect.

In his written decision denying defendant's petition, Judge James X. Sattely found that defendant waited eight years to file his petition, thus exceeding the five-year time bar set forth in Rule 3:22-12(a) by over three years. The judge determined that defendant's failure to abide by the Rule was not excusable by his alleged lack of knowledge that he could be deported because defendant still waited more than five years after he was deported to file his petition.

Judge Sattely also found that defendant failed to prove that his plea attorney provided him with any incorrect advice concerning the deportation consequences of his decision to accept the State's offer. Thus, the judge concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different. This appeal followed.

On appeal, defendant raises the following contentions:

POINT ONE

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR MISINFORMING HIM ABOUT THE DEPORTATION CONSEQUENCES OF HIS PLEA.

5

POINT TWO

THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT'S] PETITION WAS TIME BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance. Preciose, 129 N.J. at 462.

A-0375-18T4

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his or her right to a fair trial. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 52 (1987). Under the first prong of the test, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Under the second prong, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid. That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

A defendant may meet the first prong of the Strickland ineffective assistance of counsel test in the context of a guilty plea where he or she can show that counsel's representation fell short of the prevailing standards expected of criminal defense attorneys. Padilla v. Kentucky, 559 U.S. 356, 366-67 (2010). Counsel's performance is not deficient so long as "a defendant considering whether or not to plead guilty to an offense receives correct information concerning all of the relevant material consequences that flow from

7

such a plea." State v. Agathis, 424 N.J. Super. 16, 22 (App. Div. 2012). The second prong requires a defendant to establish a reasonable probability that he or she would not have pled guilty but for counsel's errors. State v. Gaitan, 209 N.J. 339, 351 (2012).

It is undisputed that "a defendant can show ineffective assistance of counsel by proving that his [or her] guilty plea resulted from 'inaccurate information from counsel concerning the deportation consequences of his [or her] plea.'" State v. Brewster, 429 N.J. Super. 387, 392 (App. Div. 2013) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 143 (2009)). Counsel's duty includes an affirmative responsibility to inform a defendant entering a guilty plea of the relevant law pertaining to mandatory deportation. Padilla, 559 U.S. at 368-69. Our Supreme Court has made clear that counsel's "failure to advise a non-citizen client that a guilty plea will lead to mandatory deportation deprives the client of the effective assistance of counsel guaranteed by the Sixth Amendment." State v. Barros, 425 N.J. Super. 329, 331 (App. Div. 2012) (citing Padilla, 559 U.S. at 369).

In Chaidez v. United States, 568 U.S. 342 (2013), however, the United States Supreme Court concluded that Padilla, by imposing a new obligation and a new rule of law, would be applied prospectively only. Id. at 358. Accordingly,

"defendants whose convictions became final prior to Padilla . . . cannot benefit from its holding."  Ibid.

Guilty pleas entered prior to Padilla are reviewed to determine whether counsel provided affirmatively false information regarding the plea's immigration consequences.  State v. Santos, 210 N.J. 129, 143-44 (2012).  "Only if defendant's attorney affirmatively gave incorrect advice about the deportation consequences of his [or her] guilty plea might he [or she] be entitled to set aside his [or her] conviction in accordance with the holding of Nuñez-Valdéz."  Brewster, 429 N.J. Super. at 394-95.  Defendant entered his plea prior to Padilla.

We conclude that this record does not support any claim that either of defendant's attorneys affirmatively misled him.  Defendant admitted under oath that he reviewed his plea form with the attorney who negotiated the final plea on his behalf, and it stated that deportation was a possible consequence to the entry of a guilty plea.  Nothing said during the plea colloquy refuted the statement made in the plea form.  Consequently, Judge Sattely's analysis was proper.  We have only defendant's bare allegation that his prior attorney provided him information contrary to what was stated on the plea form and defendant's sworn testimony during the plea colloquy, which contradicts his

current allegation. That is not enough to establish that counsel's advice deviated from the prevailing professional norms.

We also reject defendant's claim that the Rule 3:22-12(a)(1) time bar should be ignored in this case. In assessing excusable neglect for failing to file a timely petition, we "consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). More than "a plausible explanation for [the defendant's] failure to file a timely PCR petition" is required. Ibid. That defendant had not earlier faced deportation is not a sufficient explanation for the failure to file a timely PCR petition. Ignorance of the process does not establish excusable neglect. State v. Murray, 162 N.J. 240, 246 (2000). Moreover, as Judge Sattely noted, defendant waited five more years after he was deported to finally pursue PCR relief.

Clearly, Rule 1:1-2(a) permits courts in "exceptional circumstances" to relax the five-year time bar, but only if a defendant can demonstrate an injustice by a preponderance of the credible evidence. Mitchell, 126 N.J. at 579. To relax the five-year time limitation, our Supreme Court has required a showing of

"compelling, extenuating circumstances," State v. Milne, 178 N.J. 486, 492 (2004) (quoting Afanador, 151 N.J. at 52); or alternatively, "exceptional circumstances," Murray, 162 N.J. at 246. The five-year time bar may be set aside only to avoid a fundamental injustice where the deficient representation of counsel affected "a determination of guilt or otherwise wrought a miscarriage of justice." Nash, 212 N.J. at 546 (quoting Mitchell, 126 N.J. at 587). Under the circumstances presented in this case, defendant has not demonstrated a miscarriage of justice which would warrant setting aside the five-year time bar.

Finally, because the judge properly concluded that defendant failed to meet either prong of the Strickland test, he was not required to conduct an evidentiary hearing on defendant's PCR application. Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0375-18T4